**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

GUSTAVO GALAVIZ RUIZ,

Petitioner,

v.

J. JOHNSON, *et al*.,

Respondents.

Case No. 5:26-cv-05896-RAO

ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS

On October 2, 2026, Petitioner Gustavo Galaviz Ruiz (A#029-202-118), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement (ICE) Facility and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. No. 1 ("Pet."). Petitioner seeks his immediate release on the grounds that ICE violated his constitutional due process and statutory rights by unlawfully detaining him without first providing adequate pre-detention notice and process.

On October 6, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. Dkt. No. 6. To date, Respondents have not filed an answer or otherwise communicated with the Court. In light of the

absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately under the same conditions he was subject to before his current detention.

Petitioner is a citizen of Mexico who entered the United States without inspection around 2013. Pet. at 3. He has lived with his family in California since his arrival in this country, establishing strong community ties. *Id.* Approximately 28 years ago, Petitioner was in a car accident that left him with mental impairments. *Id.* His family has provided for him financially and medically, serving as his caregivers. *Id.*

Immigration authorities arrested Petitioner in 2021 and detained him at Adelanto ICE Processing Center for nearly two years. *Id.* On September 21, 2023, Petitioner received a final order of removal, however, he subsequently was released on supervision and was required to check in with ICE on a monthly basis. *Id.* For the next three years, Petitioner complied with his release conditions. *Id.* On March 6, 2026, Petitioner appeared for a scheduled check-in and was arrested and detained without prior notice and no opportunity to be heard. *Id.* He has remained in immigration custody since his arrest.

The Petition raises the following claims: a due process violation; a violation of the Immigration and Nationality Act; and a violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Pet. at 4-7.

Addressing Petitioner's due process violation argument, the Court applies the familiar two-step framework for analyzing such claims: first, it determines whether petitioner has a protected liberty interest; and second, it examines what procedures are necessary to ensure that any deprivation of that interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, many courts have turned to the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319

(1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would entail. *Mathews*, 424 U.S. at 335.

Like numerous other courts throughout the Ninth Circuit addressing similar facts, the Court finds that the government's previous release of Petitioner on conditions of immigration supervision vested in him a liberty interest in his remaining out of custody. *Singh v. Semaia*, 2026 WL 2281009, at *2 (C.D. Cal. Aug. 4, 2026). Petitioner has a protected due process interest in being released, as he has lived in this country for approximately 13 years building a life and establishing community ties. *See Zadvydas*, 533 U.S. at 679 ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

Turning to the *Mathews* factors, the Court finds that their application to the facts here militates in favor of a finding that Petitioner's due process rights were violated. Petitioner's private interest in remaining free and out of custody is indisputably high. The risk of an erroneous deprivation of that interest is significant because Petitioner has not been afforded a custody determination hearing at which he could challenge his detention. Lastly, the government's interest in detaining Petitioner without notice or a hearing is low as bond hearings impose minimal effort and cost. Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process

interest in being released, he has complied with the terms of his previous release, and poses no apparent risk of flight or danger to the community.

In sum, the Court concludes that ICE's revocation of Petitioner's supervision and his arrest and detention without prior notice or an opportunity to be heard violated his due process rights. Considering these circumstances and Respondents' non-opposition, the Court concludes Petitioner's immediate release is warranted.

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Gustavo Galaviz Ruiz (A#029-202-118) from immigration custody immediately. It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to his current detention. Respondents shall file a "Notice of Release" within two days of the entry of this Order. Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

DATED: October 21, 2026

/s/
HONORABLE ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE